# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DELANTE ANTWYNE ROPER,**

        **Petitioner,**

v.

        Civil Action No. 3:11-CV-39

        Criminal Action No. 3:08-CR-59
        **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## REPORT AND RECOMMENDATION THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On May 16, 2011, the *pro se* petitioner, Delante Antwyne Roper ("Petitioner"), filed a Motion pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Dkt. No. 73). Also on May 16, 2011, Petitioner was sent a Notice of Deficient Pleading advising Petitioner that he needed to file his petition on the correct form, which Petitioner did on June 7, 2011. On July 1, 2011, the Government filed its Response. (Dkt. No. 82). On July 27, 2011, Petitioner filed a Reply to the Government's Response to Petitioner's Motion Pursuant to 28 U.S.C. § 2255. (Dkt. No. 83).

### II. FACTS

**A. Conviction and Sentence**

On September 4, 2008, Petitioner was indicted in a four-count indictment for distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); use and carry of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A)(i); and being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On October 28, 2008, Petitioner pled guilty, pursuant to a plea agreement, to Counts two and three of the indictment charging him with distribution of 6.6 grams of cocaine base and use and carry of a firearm in connection with a drug trafficking crime, respectively. The plea agreement included a waiver of Petitioner's right to file an appeal or a motion to vacate his sentence via collateral attack. Plea Agreement 4.

On February 24, 2009 the Court held a sentencing hearing. The sentencing court sentenced Petitioner to a term of 262 months on Count two and eight years of supervised release to run concurrently with five years of supervised release on Count three. As to Count three, Petitioner was sentenced to a term of 60 months to run consecutively with the sentence imposed on Count two, together adding up to a total of 322 months of imprisonment.

**B. Appeals**

On February 25, 2009, Petitioner filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit, but on June 24, 2010, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence, citing his valid waiver of appellate rights in his plea agreement and the district court's valid denial of his motion to withdraw his guilty plea.

**C. Federal Habeas Corpus**

Petitioner filed the instant 28 U.S.C. § 2255 habeas petition claiming ineffective assistance of counsel due to his attorney's failure to recognize that the indictment was facially duplicitous and his advice that Petitioner plead guilty to Count three despite this alleged duplicity.

Furthermore, Petitioner contends he is not barred from waiving these claims due to the waiver contained in his plea agreement because this ineffective assistance of counsel claim relates directly to the plea agreement and the validity of the plea itself.

The Government contends that Petitioner has waived his right to raise the issues in the instant appeal because the waiver of his right to file a §2255 motion was valid. The Government also contends that counsel was not ineffective in advising Petitioner to enter a guilty plea as to Count three of the indictment because it is not in fact duplicitous. It argues that the Fourth Circuit has circumscribed the <u>Woods</u> holding so that it does not stand for the proposition that Petitioner asserts. Finally, it argues that even, assuming arguendo, the Counts in the indictment are duplicitous, Petitioner cannot properly assert this claim of duplicity because his challenge to the indictment was not brought prior to trial.

### D. Recommendation

Based upon a review of the record, the undersigned recommends that Petitioner's 28 U.S.C. § 2255 Motion be denied and dismissed from the docket because Petitioner's claim is without merit.

### III. ANALYSIS

#### A. Petitioner's Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought

pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va. Jan. 4, 2006).

**B.      Procedural Default**

The Court finds petitioner is not procedurally barred from raising claims of ineffective assistance of counsel in his present § 2255 motion. It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**C.      Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced

by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

Following is a discussion of Petitioner's claim of invalid waiver and ineffective assistance of counsel claims:

**1. Whether Petitioner validly waiver his appellate rights**

This Court is first posed with the question of whether Petitioner validly waived his right to pursue the instant relief. "[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains "can be secure . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. "To this end, the Government often secures waivers of appellate rights from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

In United States v. Attar, 38 F.3d 727 (4th Cir. 1994), the Fourth Circuit found that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is the result of a knowing and intelligent decision to forgo the right to appeal." Attar, 38 F.3d at 731. The Fourth Circuit then found that whether a waiver is knowing and intelligent "depends upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused." Id. After upholding the

general validity of a waiver-of-appeal-rights provision, the Fourth Circuit noted that even with a waiver-of-appeals-rights provision, a defendant may obtain appellate review of certain limited grounds. Id. at 732. For example, the Court noted that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race." Id. Nor did the Court believe that a defendant "can fairly be said to have waived his right to appeal his sentence on the ground that the proceedings following the entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel." Id.

Subsequently, in United States v. Lemaster, the Fourth Circuit saw no reason to distinguish between waivers of direct appeal rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220. Therefore, like waiver-of-appeal-rights provision, the Court found that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. And, although, the Court expressly declined to address whether the same exceptions apply since Lemaster failed to make such an argument, the court stressed that it "saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." Id. at n. 2.

Based on these cases, it appears that ineffective assistance of counsel claims are barred by a valid waiver, to the extent that the facts giving rise to the claims occurred prior to the defendant entering his guilty plea. Only claims arising after the entry of the guilty plea may fall outside the scope of the waiver. Lemaster, 403 F.3d at 732 (it cannot be fairly said that a defendant "waived his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of the Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on

the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").

Therefore, when reviewing an ineffective assistance of counsel claim in a case where there is a waiver of collateral-attack rights in a plea agreement, we must first determine whether there is valid waiver. In doing so,

> [t]he validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal. Although this determination is often made based on adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver – the issue ultimately is evaluated by reference to the totality of the circumstances. Thus, the determination must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (internal citations and quotations omitted).

In other words, the Court must examine the actual waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. Id. If the Court finds that the waiver is valid, any ineffective assistance of counsel claims arising prior to the plea agreement are barred by the waiver.

As to any ineffective assistance of counsel claims made regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated, "[w]e do not think the general waiver of the right to challenge" a sentence on the ground that "the proceedings following entry of the guilty plea – including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas – were conducted in violation of their Sixth Amendment right to counsel." Lemaster, 403 F.3d at 732-33. Therefore, upon first blush it appears that ineffective assistance of counsel claims arising after the guilty plea or during sentencing, are not barred by a general waiver-of-appeal rights.

However, several courts have distinguished ineffective assistance of counsel claims raised in a § 2255 case, from those raised on direct appeal. In Braxton v. United States, 358 F.Supp.2d 497 (W.D Va. 2005), the Western District of Virginia noted that although the Fourth Circuit has yet to define the scope of waiver of collateral rights, several courts have held that § 2255 waivers should be subject to the same conditions and exceptions applicable to waivers of the right to file a direct appeal. Braxton at 502 (citing United States v. Cannady, 283 F.3d 641,645 n. 3 (4th Cir. 2000) (collecting cases); Butler v. United States, 173 F.Supp.2d 489, 493 (E.D. Va. 2001)). Nonetheless, the Western District of Virginia, distinguished the types of ineffective assistance of counsel claims available on direct appeal from those available in a § 2255 motion. Specifically, the Court noted:

> Appellate courts rarely hear ineffective assistance of counsel claims on direct review. Indeed, '[i]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.' United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Therefore, the waiver exception recognized in Attar applies only to a very narrow category of cases. In contrast, a rule that defendants are unable to waive their right to bring an ineffective assistance claim in a § 2255 would create a large exception to the scope of § 2255 waivers. In fact, such an exception would render all such waivers virtually meaningless because most habeas challenges can be pressed into the mold of a Sixth Amendment claim on collateral review. The Fifth Circuit has recognized this dynamic by noting that '[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.' United States v. White, 307 F.3d 336, 344 (5th Cir. 2002).

Braxton at 503.

The Western District of Virginia further noted that the Tenth Circuit has also distinguished collateral-attack waivers from the situation in Attar and that the Fourth Circuit's holding in United States v. Broughton-Jones, 71 F.3d 1143,1147 (4th Cir. 1995), also supports such a distinction. Braxton at 503, n. 2. Finally, the Braxton Court found it persuasive that the

majority of circuits to have confronted this question "have held that collateral attacks claiming ineffective assistance of counsel that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver, are waivable." Id. at 503. (collecting cases).

In this case, then, the Court must determine whether the waiver in the plea agreement was the product of Petitioner's knowing and intelligent decision to forgo his right to file a collateral attack. Here, the waiver stated that:

> [d]efendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in 18 U.S.C. § 3741. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255 (habeas corpus).

At the Rule 11 hearing, the Government summarized the negotiated terms in the plea agreement, including the collateral waiver. Then, the district court confirmed that Petitioner understood the terms of the agreement, including the collateral waiver, and that he had reviewed it with his attorney. The Court asked him:

> Do you understand that by the terms of the plea agreement you are also giving up the majority of your rights to appeal a sentence in this case also the right to file a habeas corpus petition attacking the legal validity of the guilty plea and the sentence?

(Dckt.. 60, p. 9).

The defendant responded "yes, sir." Id. Then the Court also asked his attorney: "Mr. Crockett, do you feel that the Defendant, Mr. Roper, fully understands the importance of the waiver of his appellate rights?," to which Mr. Crockett responded "Yes, Your

9

Honor." Id. at 9-10. The court also asked him if he reviewed the plea agreement in detail with Mr. Crockett before he signed it, and whether he had been promised anything that was not in the plea agreement, and after Petitioner responded no to both, the Court found that he fully understood the terms in the plea agreement. Id. at 10. Accordingly, although Petitioner argues that his ineffective assistance of counsel claim arises from the plea agreement itself and thus his waiver was invalid, given the instant record, where Petitioner has affirmed his understanding of the waiver to the district court, this Court must find that Petitioner has validly waived his right to raise the instant habeas corpus claim.

   2. **Whether Counsel Rendered Ineffective Assistance in Recommending Petitioner Plead Guilty to Count Three Despite its Alleged Duplicity**

Because this Court finds that Petitioner validly waived his right to raise the instant habeas corpus petition, it declines to address Petitioner's ineffective assistance of counsel claims.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Petitioner's §2255 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to Chief Judge John Preston Bailey. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: November 16, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE