# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### MARTINSBURG

**DELANTE ANTWYNE ROPER,**

    Petitioner,

v.                                      **CIVIL ACTION NO. 3:11-CV-39**
                                           **CRIMINAL ACTION NO. 3:08-CR-59**
                                           **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Civ. Doc. 6; Crim. Doc. 84]. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Upon his initial review, Magistrate Judge Kaull filed his R&R on November 16, 2011. In that filing, the magistrate judge recommends that this Court deny petitioner Delante Antwyne Roper's ("Roper") § 2255 petition [Civ. Doc. 1; Crim. Doc. 73] as barred by the waiver contained in his plea agreement.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due by December 8, 2011. Roper timely objected to the R&R on December 5, 2011 [Crim. Doc. 86]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II. Background

Pursuant to a plea agreement, Roper pled guilty to one count of distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (2006), and one count of using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006). Included in the plea agreement was the following waiver of appellate and habeas rights:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. *Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).*

2

([Crim. Doc. 37 at ¶ 12) (emphasis added). Despite this waiver, Roper has filed the instant § 2255 petition. In recommending denial, Magistrate Judge Joel concluded that Roper's petition is barred by his § 2255 waiver. Roper objects, essentially restating the arguments previously made in support of his petition.

## III.     Discussion

In his sole ground for relief, Roper contends that his attorney was ineffective because he failed to recognize that the Indictment was facially duplicitous and advised Roper to plead guilty to the firearm charge despite its alleged duplicity. Upon a *de novo* review of the record, this Court agrees with Magistrate Judge Kaull that this claim is barred by the § 2255 waiver in Roper's plea agreement.

Where there is a waiver of collateral-attack rights in a petitioner's plea agreement, a court reviewing an ineffective assistance of counsel claim must determine (1) whether the waiver is knowing and intelligent and (2) whether the facts giving rise to the claim occurred prior to the defendant entering his guilty plea. If a court determines that both of these issues should be answered in the affirmative, the claim is barred. *See* **United States v. Attar**, 38 F.3d 727, 731-732 (4th Cir. 1994) (appellate waiver context); *see also* **United States v. Lemaster**, 403 F.3d 216, 220 n.2 (4th Cir. 2005) (finding "no reason to distinguish between waivers of direct appeal rights and waivers of collateral-attack rights").

First, there can be no question that the waiver contained in Roper's plea agreement is knowing and intelligent. During the Rule 11 plea colloquy, Magistrate Judge Kaull asked Roper if he understood that he was "giving up the majority of [his] rights to appeal a sentence in this case also the right to file a habeas corpus petition attacking the validity of

the guilty plea and the sentence," and Roper replied that he understood. ([Crim. Doc. 60 at 9). See **United States v. Blick**, 408 F.3d 162, 169 (4th Cir. 2005) (finding that a reviewing court should consider "whether the district court questioned the defendant about the appeal waiver"). Roper also testified that he had received an eleventh grade education and did not have a disability or hearing impairment that would prevent him from effectively participating in the hearing. ([Crim. Doc. 60] at 4-5). See **Blick**, 408 F.3d at 169 (finding that a reviewing court should consider "the background, experience, and conduct of the accused"). Accordingly, this Court concludes that the waiver at issue is valid.[1]

Similarly, there is little doubt that the waiver contained in Roper's plea agreement encompasses the ineffective assistance claim he now asserts. Again, such a waiver bars ineffective assistance claims to the extent that the deficient performance complained of occurred prior to a knowing and intelligent plea and waiver. See **Attar**, 38 F.3d at 732. Here, the gravamen of Roper's claim is that his counsel did not challenge the alleged duplicity of the firearm charge in his Indictment. However, in this case all pretrial motions were due on or before September 27, 2008. (See [Crim. Doc. 18] at 2). Thus, counsel's failure to move to dismiss the Indictment on this basis occurred at the latest on September 27, 2008, approximately one month before the Rule 11 hearing on October 28, 2008. Accordingly, because the allegedly deficient performance complained of occurred prior to a knowing and intelligent plea and waiver, Roper's ineffective assistance of counsel claim is barred.

---

[1] In this regard, this Court also notes that the Fourth Circuit upheld Roper's plea on direct appeal as knowing and intelligent. See **United States v. Roper**, 384 Fed.Appx. 282, 285 (4th Cir. June 24, 2010).

## IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 6; Crim. Doc. 84]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the petitioner's Objections **[Crim. Doc. 86]** are **OVERRULED**. Accordingly, the Roper's § 2255 petition **[Civ. Doc. 1; Crim. Doc. 73]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondent and strike this case from the active docket of this Court. As a final matter, upon an independent review of the record, this Court hereby **DENIES** Roper a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: January 26, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE